IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Earvin Smith, | ) C/A No. 3:12-2286-CMC-PJG |
|                     Plaintiff, | ) |
| vs. | ) **REPORT AND** |
| | ) **RECOMMENDATION** |
| Mr. Kevin A. Shwedo, *Executive Director, Office of Constituent Services, Dep't of Motor Vehicles*, | ) |
|                     Defendant. | ) |

The plaintiff, Earvin Smith, ("Plaintiff"), a self-represented litigant, brings this action alleging a violation of his constitutional rights. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

## BACKGROUND

This case was filed by a former South Carolina resident who currently lives in Connecticut against an employee of the South Carolina Department of Motor Vehicles ("SCDMV"). Plaintiff alleges that he is disabled and on fixed income and that he cannot afford the $ 1100.00 amount that the defendant told him it would now cost to have a suspended license reinstated. (Compl., ECF No. 1 at 4.)

According to Plaintiff, his South Carolina drivers' license was suspended in 1983 because of two outstanding tickets. (Id. at 3.) Between 1986 and 1999, Plaintiff was in prison and apparently did nothing about getting his license reinstated during that thirteen-year period. He alleges that when he got out of prison in 1999, he contacted SCDMV

through Defendant Schwedo, and was told that the reinstatement fee at that time was three hundred dollars, in addition to having to pay off the outstanding tickets and attend a class. (Id.) He also alleges that, at some point apparently recently, the defendant told him that the fee is currently $1100, but he states that he cannot pay that because he lives "month to month." (Id. at 4.) Plaintiff does not indicate why he waited another thirteen years after he left prison to try to reinstate his South Carolina driver's license, but he alleges that because his suspension is so old, he thinks he should be grandfathered in at the lower charge originally quoted to him in 1999. He does not assert that the current charges violate his federal constitutional rights or any federal statute, nor does he allege, other than one written contact with the defendant in 1999 to find out the then-existing fee, that he ever took any steps in over twenty-six years toward having the license reinstated before his most recent contact, when he discovered the current fee for reinstatement. Instead, he asserts that he cannot afford the current fee, and he asks this court to direct SCDMV, through Defendant Shwedo, to waive the reinstatement fee so that he can obtain his license.

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

Page 2 of 7
PJG

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[1] 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990);

---

[1] Screening pursuant to § 1915A is subject to this standard as well.

see also Ashcroft v. Iqbal, 556 U.S. at 677-78 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

Although in violation of Rule 8 of the Federal Rules of Civil Procedure Rule that requires a "short and plain statement" of the basis for the court's jurisdiction and of the basis for Plaintiff's claims against the defendant, Plaintiff filed this *pro se* case without providing the court with any specific jurisdictional basis for his claims. However, the nature of relief that he requests requires the court to construe it as being in the nature of a mandamus action because he asks this court to order the defendant, a state agency employee, to waive the current driver's license reinstatement fee even though he does not claim that the fee violates the United States Constitution or any other federal law. See Black's Law Dictionary (8th ed. 2004) (mandamus: "A writ issued by a superior court to compel a lower court or a government officer to perform mandatory or purely ministerial duties correctly.") Circuit precedents teach that a writ of mandamus is a drastic remedy. The writ of mandamus is infrequently used by federal courts, and its use is usually limited to cases where a federal court is acting in aid of its own jurisdiction. See 28 U.S.C. § 1361;

Gurley v. Superior Ct. of Mecklenburg Cnty., 411 F.2d 586, 587-88 & nn.2-4 (4th Cir. 1969). A federal district court may issue a writ of mandamus only against an employee or official *of the United States.* Moye v. Clerk, DeKalb Cnty. Sup. Court, 474 F.2d 1275, 1275-76 (5th Cir.1973) (federal courts do not have original jurisdiction over mandamus actions to compel an officer or employee *of a state* to perform a duty owed to the petitioner); see also In re Campbell, 264 F.3d 730, 731 (7th Cir. 2001) (same; collecting cases); In re Carr, 803 F.2d 1180, 1180 (4th Cir.1986) (unpublished opinion) (same).

In Gurley, a state prisoner sought a writ of mandamus to compel the Superior Court of Mecklenburg County, North Carolina to prepare a free transcript. The district court denied the relief sought by the prisoner. On appeal in Gurley, the United States Court of Appeals for the Fourth Circuit concluded that it was without jurisdiction to issue a writ of mandamus because it exercised no supervisory authority over the courts of the State of North Carolina. The court also held that, if the prisoner's petition were treated as an appeal from the district court's order denying the issuance of the writ, the district court did not have authority to issue a writ of mandamus: "Even if we were to liberally construe this petition as an appeal from the denial of the issuance of a writ of mandamus by the District Court[,] we still have no jurisdiction for the reason that the District Court was also without jurisdiction to issue the writ." Gurley, 411 F.2d at 587. Because the defendant in this case is a state official or employee, the United States District Court for the District of South Carolina does not have jurisdiction to issue a writ of mandamus against him.

The holding in Gurley was followed by the United States Court of Appeals for the Second Circuit in Davis v. Lansing, 851 F.2d 72, 74 (2d Cir. 1988). In Davis, the court ruled that "[t]he federal courts have no general power to compel action by state officials[.]"

Page 5 of 7

*PJG*

Davis, 851 F.2d at 74; see also Craigo v. Hey, 624 F. Supp. 414 (S.D. W.Va. 1985). In Craigo, the district court concluded that the petition for a writ of mandamus was frivolous within the meaning of 28 U.S.C. § 1915, and, therefore, was subject to summary dismissal. See Craigo, 624 F. Supp. at 414; see also Van Sickle v. Holloway, 791 F.2d 1431, 1436 & n.5 (10th Cir. 1986); Hatfield v. Bowen, 685 F. Supp. 478, 479 (W.D. Pa. 1988); Robinson v. Illinois, 752 F. Supp. 248, 248-49 & n.1 (N.D. Ill. 1990). Like those in the cases cited above, the allegations in Plaintiff's Complaint do not provide this court with subject matter jurisdiction over his claim.

## RECOMMENDATION

Accordingly, the court recommends that the Complaint in this case be dismissed without prejudice.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 22, 2012
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).